UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:11-cr-113 |
| vs. ) | |
| ) | JUDGE COLLIER |
| LEONTA DEMON EPPS ) | |

## MEMORANDUM AND ORDER

LEONTA DEMON EPPS ("Supervised Releasee") appeared for an initial appearance before the undersigned on September 5, 2013, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition"). Those present for the July 15, 2015, hearing included:

(1) An Assistant United States Attorney for the Government.
(2) The Supervised Releasee.
(3) Attorney Erin Rust for defendant.

After being sworn in due form of law, the Supervised Releasee was informed or reminded of his privilege against self-incrimination accorded him under the 5th Amendment to the United States Constitution.

It was determined the Supervised Releasee wished to be represented by an attorney and he qualified for the appointment of an attorney to represent him at government expense. Federal Defender Services of Eastern Tennessee, Inc. was APPOINTED to represent the defendant. It was determined the Supervised Releasee had been provided with a copy of the Petition and the Warrant for Arrest and had the opportunity of reviewing those documents with his attorney. It was also determined he was capable of being able to read and understand the copy of the aforesaid documents he had been provided.

The Supervised Releasee waived his right to a preliminary hearing but requested a detention hearing.

The Government relied on the sworn affidavit of USPO Tim Chavers and moved that the Supervised Releasee be detained pending the revocation hearing.

### Findings

(1) Based upon USPO Chavers' testimony and Supervised Releasee's waiver of preliminary hearing, the undersigned finds there is probable cause to believe

1

Supervised Releasee has committed violations of his conditions of supervised release as alleged or set forth in the Petition.

(2)     The Supervised Releasee has not carried his burden under Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, that if released on bail he will not flee or will not pose a danger to the community.

<u>Conclusions</u>

It is ORDERED:

(1) The motion of the Government that the Supervised Releasee be DETAINED WITHOUT BAIL pending the revocation hearing before U.S. District Judge Curtis L. Collier is GRANTED.

(2) The U.S. Marshal shall transport the Supervised Releasee to a revocation hearing Judge Collier on **Thursday, August 13, 2015, at 9:00 am.**

ENTER.

                                           S /*William B. Mitchell Carter*
                                           UNITED STATES MAGISTRATE JUDGE